UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN S. HAILE,
(DC# H44084),[1]

    Plaintiff,

v.                                                      Case No.  3:18cv1378-LC-CJK

SANFORD, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

Plaintiff John S. Haile, DC# H44084, is a Florida inmate presently confined at Santa Rosa Correctional Institution in Milton, Florida. (Doc. 1).[2] Plaintiff initiated this case on May 21, 2018, by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). Plaintiff is suing several prison officials at various correctional institutions across the State, complaining that he was sexually assaulted by a

---

[1] The Florida Department of Corrections' Offender Network lists plaintiff's aliases as "John S. Haile", "John Haile", "John Sanders Haile", "Jail House Lawyer", "John John" and "John Sr." *See* http://www.dc.state.fl.us.  It appears from the present complaint and from plaintiff's litigation history that he has several more aliases.

[2] Plaintiff represents his name and DC number on his complaint and motion to proceed *in forma pauperis*, as "Hail S. O. Sanders", Inmate Number 011440 and 011480.  (*See* Doc. 1, pp. 1, 2, 12, 13; Doc. 2).  When directed on the complaint form to list all other names by which he has been known, plaintiff responds: "Hail John Sanders".  (Doc. 1, p. 2).  The return address on plaintiff's mailing envelope confirms his identity as "John S. Haile, DC#H44084".

corrections officer on September 15, 2014, while confined at the Central Florida Reception Center in Orlando, Florida, and that "from Father's Day 2010, to date", various supervisory prison officials have failed to "keep [him] free from known sexual abusers and sexual predators. . . ." (Doc. 1, pp. 5-6). Although plaintiff dates his claims back to Father's Day 2010, he was not received into the Florida Department of Corrections until July 28, 2014. *See* http://www.dc/state/fl.us/offenderSearch. As relief, plaintiff seeks "compensatory and punitive monetary damages of an amount to be determined by my expected life expectancy (my parents are both 91 years young) given my last month's net income exceeded $414,000.00. . . ." (Doc. 1, p. 7).

Upon review of plaintiff's complaint and prior litigation history, the court concludes that plaintiff's motion to proceed *in forma pauperis* should be denied and this case dismissed under 28 U.S.C. § 1915(g), because plaintiff is barred from proceeding *in forma pauperis* and failed to pay the filing fee upon initiating this suit. Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief

may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

The court takes judicial notice of the following three cases filed by plaintiff, while incarcerated, that were dismissed as frivolous or for failure to state a claim on which relief may be granted: *John Jay Haile, Sr. v. Bombulie*, No. 2:17cv14332-RLR (S.D. Fla. Oct. 25, 2017) (dismissing plaintiff's prisoner civil rights action under § 1915(e)(2)(B)(ii), as frivolous and for failure to state a claim on which relief may be granted); *John Sanders Haile v. Lamborghini*, No. 2:17cv14349-RLR (S.D. Fla. Nov. 18, 2017) (same); *John Jay Halie, Sr. v. Flonnery*, No. 6:16cv1645-GKS-

*Case No. 3:18cv1378-LC-CJK*

KRS (M.D. Fla. Sept. 27, 2016) (dismissing plaintiff's prisoner civil rights action as frivolous). The foregoing cases may be positively identified as having been filed by plaintiff, because they bear his name (or close variation) and Florida Department of Corrections' DC# H44084. All of the dismissals were entered prior to plaintiff filing this lawsuit.

As plaintiff has three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown, supra*. Plaintiff's allegations do not make the requisite showing. An allegation of past danger will not invoke the exception. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that "a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to [§ 1915(g)]".). Because plaintiff is barred from proceeding *in forma pauperis* and failed to pay the filing fee upon initiating this suit, this case should be dismissed under § 1915(g).

Even if plaintiff's allegations could be liberally construed as qualifying under § 1915(g)'s imminent danger exception, plaintiff's complaint is still due to be dismissed on the alternative ground that it is malicious. Title 28 U.S.C. § 1915A requires the court to review plaintiff's complaint and dismiss it if it "is frivolous,

malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a), (b) (numbering omitted). On page eight of the civil rights complaint form, Section VIII, Prior Litigation, is the following notice:

> **ATTENTION:** *The "three strikes rule" of the PLRA bars a prisoner from bringing a case without full payment of the filing fee at the time of case initiation if the prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

(Doc. 1, p. 8) (italics and bold in original). Following this notice is this question: "To the best of your knowledge, have you had any case dismissed for a reason listed in § 1915(g) which counts as a "strike"? (Doc. 1, p. 9, Question (A)). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (A), plaintiff marked "No", and disclosed no cases. (Doc. 1, p. 9). At the end of the civil rights complaint form, plaintiff signed his name after the following statement: "I declare under penalty of perjury that the foregoing (including all continuation pages) is true and correct." (*Id.*, pp. 11-12). Thus, plaintiff has in effect stated that at the time he signed and filed his complaint on May 21, 2018, he had not initiated any other action in federal court that was dismissed as frivolous or for failing to state

a claim.  As outlined above, plaintiff had initiated <u>at least</u> three prior cases that required disclosure.  Plaintiff disclosed none.

The court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court.  If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice.  The court will not tolerate false responses or statements in any pleading or motion filed before it.  Here, plaintiff falsely responded to an important question on the complaint form, as detailed above.  Plaintiff knew from reading the form that disclosure of his prior cases was required.  If plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  The court should not allow plaintiff's false response to go unpunished.  An appropriate sanction for plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case as malicious.

Accordingly, it is respectfully RECOMMENDED:

1.  That plaintiff's motion to proceed *in forma pauperis* (doc. 2) be DENIED and that this action be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(g) and 28 U.S.C. § 1915A(b)(1).

*Case No. 3:18cv1378-LC-CJK*

2. That the clerk be directed to close the file.

At Pensacola, Florida this 30th day of May, 2018.

*/s/* **Charles J. Kahn, Jr.**
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.